UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE STEVENS,<br><br>       Plaintiff,<br> v.<br>SGT MALM, et al.,<br><br>       Defendants. | Case No. 3:22-cv-00456-ART-CSD<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff paid the full filing fee in this matter. (ECF No. 5). The Court entered a screening order on November 15, 2022. (ECF No. 6). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 6, 9). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 13).

Plaintiff also filed a motion to join defendant (ECF No. 11) prior to the settlement conference. In that motion, Plaintiff sought to add a claim against a Sgt. Fluerve to the upcoming settlement conference. The Court denies the motion. If Plaintiff seeks to add claims against new defendants in this case, he will need to submit an amended complaint that complies with Federal Rule of Civil Procedure 15.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 7) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

1

3.     Subject to the findings of the screening order (ECF No. 6), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4.     If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name <u>and</u> address for the defendant(s).

5.     If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

6.     Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has

entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

7. This case is no longer stayed.

8. The motion to join defendant (ECF No. 11) is denied.

DATED: February 24, 2023.



_____
UNITED STATES MAGISTRATE JUDGE